### In re WORLDCOM, INC.

**Parus Holdings, Inc., as successor-by-merger to EffectNet, Inc. and Effect-Net, LLC., Claimant–Appellant,**

v.

**Worldcom, Inc., Debtor–Appellee.**

#### No. 10–2545–cv.

United States Court of Appeals, Second Circuit.

June 7, 2011.

Steve Szczepanski, Foley & Lardner, LLP, Chicago, Ill. (David B. Goroff, Mary Jo Boldingh, on the brief), for Appellant.

Mark M. Iba, Stinson Morrison Hecker LLP, Kansas City, Mo. (Allison M. Murdock, Angela G. Nichols, on the brief), for Appellee.

Present: AMALYA L. KEARSE, ROSEMARY S. POOLER, GERARD E. LYNCH, Circuit Judges.

**SUMMARY ORDER**

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

Parus Holdings, Inc., as successor-by-merger to EffectNet, Inc. and EffectNet, LLC. (together, "EffectNet"), seeks review of the May 25, 2010 order of the United States District Court for the Southern District of New York (Jones, *J.*). The May 25, 2010 order affirmed an order of the United States Bankruptcy Court for the Southern District of New York (Gonzalez, *J.*) granting Worldcom Inc. summary judgment. On appeal, EffectNet argues the courts below erred in affirming (1) the limitation of its claims for damages for breach of contract, and (2) dismissing EffectNet's claim for breach of the implied covenant of good faith and fair dealing. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The courts below properly determined that EffectNet's decision to terminate the agreement between the parties (the "Agreement") is fatal to its claims for "benefit of the bargain" damages, by which it means profits it would have earned had the Agreement not been terminated early. As set forth in Section 5.3 of the Agreement, on termination "for any reason, each Party shall remain liable for those obligations that accrued prior to the date of such termination; provided, however, that nothing herein shall be construed to obligate EffectNet to offer Services to Intermedia after the termination of this Agreement." As the plain language of Section 5.3 makes clear, the effect of termination, "for any reason," limits the obligations of the parties to those that "accrued prior to the date of such termination." The district court thus correctly concluded that EffectNet is not entitled to recover "benefit of the bargain" damages based on a material breach of contract for the anticipated term of the contract absent early termination. The same language limiting the parties' obligations is also fatal to EffectNet's claims for breach of the implied covenant of good faith and fair dealing.

Moreover, the courts below properly decided that EffectNet failed to raise a question of material fact as to it's claim that there was an anticipatory breach. Under Arizona law—which applies here pursuant to the Agreement—"[i]t is well established that in order to constitute an anticipatory breach of contract there must be a positive and unequivocal manifestation on the part of the party allegedly repudiating that he will not render the promised performance when the time fixed for it in the contract arrives." *Diamos v. Hirsch*, 91 Ariz. 304, 372 P.2d 76, 78 (1962). The record reflects no such "positive and unequivocal manifestation" of future nonperformance, particularly in light of the discretion granted to Intermedia by Section 1.1 of the Agreement to "market [the services in question] to [its] customers and users *as it sees fit.*" (emphasis added).

We have considered the remainder of EffectNet's claims and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.